STANDARD "TOTE," INC., APPELLANT, *v.* OHIO STATE RACING COMMISSION, APPELLEE.
MIDWEST TOTALIZATOR CO., APPELLANT, *v.* OHIO STATE RACING COMMISSION, APPELLEE.
OHIO SPORTS ENTERPRISES, INC., APPELLANT, *v.* OHIO STATE RACING COMMISSION, APPELLEE.
RIVER DOWNS OF OHIO, INC., APPELLANT, *v.* OHIO STATE RACING COMMISSION, APPELLEE.
ASCOT PARK JOCKEY CLUB, APPELLANT, *v.* OHIO STATE RACING COMMISSION, APPELLEE.

(Nos. 5144, 5145, 5146, 5147 and 5148—Decided September 7, 1954.)

*Mr. E. G. Fickell,* for appellants Standard "Tote," Inc., and Midwest Totalizator Company.

*Messrs. Krumm & Schwenker* and *Mr. Greg Holbrock,* for appellant Ohio Sports Enterprises, Inc.

*Messrs. Krumm & Schwenker* and *Mr. Arthur L. Rowe,* for appellant River Downs of Ohio, Inc.

*Mr. Rise A. Hershey,* for appellant Ascot Park Jockey Club.

*Mr. C. William O'Neill,* attorney general, and *Mr. Hugh A. Sherer,* for appellee.

MILLER, J. Causes Nos. 5144, 5145, 5146, 5147 and 5148 are here submitted on motion of the Ohio State Racing Commission, appellee herein, seeking an order consolidating them for the reason that the appeals in such cases present an identity of issues in this court. The appellants concur in this conclusion and do not object to the consolidation. The motion will, therefore, be sustained.

The appellee moves further that the appeals be dismissed for the reason that this court is without jurisdiction to hear and determine the same. The record reveals that on appeal to the Common Pleas Court certain rules adopted or amended by the Ohio State Racing Commission were adjudged to have been adopted according to law and that they were reasonable and lawful. The appeal is from that judgment. Two grounds are urged in support of the motion:

(1) That the Administrative Procedure Act (Section 119.11, Revised Code) does not authorize an appeal to the Court of Appeals from an adverse decision rendered by the Common Pleas Court upon a duly perfected appeal questioning the validity of rules adopted by the appellee commission.

(2) Assuming that Section 119.11, Revised Code, does authorize such appeals, then, in such event, the statute is unconstitutional' because it extends this court's appellate jurisdiction to nonjudicial matters.

In considering the jurisdictional question it is to be noted that Section 119.11, Revised Code, provides as follows:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful."

It is urged that this language does not provide, either expressly or impliedly, for an appeal to this court from proceedings to adopt and amend administrative rules, or from proceedings in the Common Pleas Court reviewing the orders of an agency in connection therewith; that viewed in its most favorable light this language merely suggests that the legislative draftsmen were under the impression that an appeal to this court in such proceedings was elsewhere provided by statute; that such impression is erroneous, and that nowhere will there be found any statutory provision for an appeal to this court from an order of a Common Pleas Court affirming administrative rules as provided in Section 119.11; and that the right of appeal to this court being purely statutory (Section 6, Article IV of the Constitution of Ohio) it must follow that it has no jurisdiction to entertain the appeal. It was held in *Corn v. Board of Liquor Control,* 160 Ohio St., 9, 113 N. E. (2d), 360, that there is no inherent right of appeal but that such right must be conferred by the constitution or statute. The ques-

tion presented, therefore, is whether the language in Section 119.11, Revised Code, is sufficiently explicit to authorize further appeals from an adverse decision of the Common Pleas Court. The applicable part of that section provides:

"Any order of the court in reviewing on appeal an order of any agency in adopting, amending, or rescinding a rule shall be final unless an appeal is taken therefrom * * *."

The succeeding section of the Revised Code (Section 119.12) provides for appeals from adjudicative orders of boards and commissions to the courts, and it specifically provides that appeals therefrom "shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code." Since the procedure is not defined in the prior section, it would seem that the procedure in this section would have application to it also. Prior to the adoption of Section 119.12, Revised Code, which became effective on October 21, 1953, the statute authorizing appeals from adjudicative orders was Section 154-73, General Code (124 Ohio Laws, 202), which provided:

"The court may affirm the order of the agency complained of in the appeal * * * it may reverse, vacate or modify the order or make such other ruling as, in its opinion, is supported by reliable, probative and substantial evidence * * *. The decision of the court shall be final and conclusive unless reversed, vacated or modified on appeal."

It was under this section that the case of *Corn* v. *Board of Liquor Control, supra,* was decided. The question presented was the right of the Board of Liquor Control to appeal from an adverse adjudicative order. The court held that it had no such right, but that the same was "limited to those persons whose interests are subject to adjudication by the board

* * *." The court, therefore, recognized the right of appeal from such a ruling of the board. The Supreme Court's view on this phase of the jurisdictional question is manifested by way of dicta in its decision rendered in *Mantho v. Board,* 162 Ohio St., 37, 120 N. E. (2d), 730, decided June 23, 1954, at page 41:

"Although it can be said that there is no authority for an appeal by the Board of Liquor Control, it can not be validly argued that there is no authority for an appeal *from* a judgment of the Common Pleas Court to the Court of Appeals, which judgment of the Common Pleas Court was rendered on appeal from a decision of the Board of Liquor Control."

This court also exercised jurisdiction in such type of appeal in the case of *Motors Ins. Corp. v. Dressel,* 80 Ohio App., 505, 73 N. E. (2d), 817.

It is next urged that if Section 119.11, Revised Code, authorizes these appeals, then it is unconstitutional for the reason that it extends the appellate jurisdiction of this court to nonjudicial matters prohibited by Section 6, Article IV of the Constitution of Ohio. This section provides that the Court of Appeals shall have "such jurisdiction as may be provided by law to review * * * judgments or final orders of boards, commissions * * * and of courts of record inferior to the Court of Appeals * * *." The appellee contends that the adoption of rules by the racing commission is an administrative function and not judicial. We concur in this conclusion, but the appellants herein are not seeking the court's assistance in the making or amending of rules but are contesting the same as having been adopted contrary to law and that the same are arbitrary and unreasonable. The appellee cites the case of *Zangerle v. Evatt,* 139 Ohio St., 563, 41 N. E. (2d), 369, which holds that courts will not aid in making or revising rules of administrative officers. But as stated previously this is not the relief being sought

and not what the court did. It passed upon the legality and reasonableness of the rules adopted by the racing commission, which acts have always been recognized as judicial functions. In the *Zangerle case, supra*, the court limited a reviewing court's jurisdiction to such finding. The fifth paragraph of the syllabus provides:

"Courts will not aid in making or revising rules of administrative officers, boards or commissions, being confined to deciding whether such rules are reasonable and lawful as applied to the facts of a particular justiciable case."

That the functions authorized by Section 119.11, Revised Code, on review are judicial rather than administrative is further shown by Chief Justice Hughes' opinion in *Federal Radio Commission* v. *Nelson Brothers Bond & Mortgage Co.,* 289 U. S., 266, 275, 77 L. Ed., 1166, 53 S. Ct., 627, 89 A. L. R., 406:

"While the Congress can confer upon the courts of the District of Columbia such administrative authority, this court cannot be invested with jurisdiction of that character whether for the purpose of review or otherwise. It cannot give decisions which are merely advisory, nor can it exercise functions which are essentially legislative or administrative * * *. That review is now expressly limited to 'questions of law' and it is provided 'that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious.' This limitation is in sharp contrast with the previous grant of authority. No longer is the court entitled to revise the commission's decision and to enter such judgment as the court may think just. The limitation manifestly demands judicial, as distinguished from administrative, review. Questions of law form the appropriate subject of judicial determinations."

See, also, *Public Service Commission* v. *Havemeyer,* 296 U. S., 506, 80 L. Ed., 357, 56 S. Ct., 360; *Ma-King Products Co.* v. *Blair,* 271 U. S., 479, 70 L. Ed., 1046, 46 S. Ct., 544.

The motion to dismiss is overruled.

*Motion overruled.*

Wiseman, P. J., and Hornbeck, J., concur.