**MANGOLD, d. b. a. CLOVER CLUB, etc., Appellant, v. BOARD OF LIQUOR CONTROL, etc., Appellee.**

Common Pleas Court, Franklin County.

No. 195183. Decided November 13, 1956.

S. Myron Gurevitz, for appellant.
C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., for appellee.

## OPINION

By BARTLETT, J.

THE ORDER OF THE BOARD OF LIQUOR CONTROL (REVOKING APPELLANT'S D-1 and D-2 PERMITS), IS REVERSED AND THE APPEAL THEREFROM SUSTAINED.

This is an appeal from an order of the Board of Liquor Control, under §119.12 R. C., wherein said Board revoked appellant's D-1 and D-2 permits, based on the alleged possession and sale upon the permit premises of whiskey, while not the holder of a proper permit therefor, and while said permits D-1 and D-2 were suspended.

The only witnesses for the Department were a stool-pigeon and two deputy sheriffs who sent their stooge to the permit premises to make a buy, with an understanding that a charge pending against him of driving

while intoxicated, would be dismissed, if he complied with their request of going to the permit premises and making a buy, and later the charge was dismissed.

This court refuses to place its stamp of approval upon such rotten methods of so called law enforcement. There can be no justification of police officers becoming criminals themselves, in their goal to pin a law violation on some one else.

A crooked police officer, or deputy sheriff, who resorts to such methods, cannot be a reliable witness. The stooge testified he paid $5.00 for a bottle of whiskey in the premises, and it was delivered to him across the road. The bartender said he bought Kingsbury 3.2 beer with the marked $5.00 bill and received his change, and then went across the road where he paid $4.00 for the bottle of whiskey. There was no evidence as to where the other two bottles were purchased, one of which was found in the men's toilet and the other in a booth, "sitting down behind."

The memory of the stooge and the two deputies, certainly was bad on details; but more important, their testimony cannot be considered as trustworthy, under the circumstances. Police officers who resort to such practices, are more dangerous to society, than the violation of the law, such as cheating bartenders and their ilk.

The court, on consideration of the entire record, fails to find that the order of said Board is supported by reliable, probative and substantial evidence; and therefore, reverses said order and sustains the appeal therefrom.