**BUCKEYE LAKE HOTEL COMPANY, d. b. a. LAKE BREEZE HOTEL, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellee-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5927. Decided June 17, 1958.

Robert Dow Hamilton, Columbus, for appellant-appellee.

William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., Columbus, for appellee-appellant.

## OPINION

By BRYANT, J.

This matter comes on for consideration upon a motion to dismiss the appeal on the ground that this court does not have jurisdiction of the subject matter. Said motion was filed on April 29, 1958 on behalf of the Buckeye Lake Hotel Company, dba Lake Breeze Hotel, appellant-appellee, herein called the Hotel Company. The latter, at the same time, filed a memorandum in support of said motion. In opposition thereto a memorandum was filed on May 7, 1958 on behalf of the Board of Liquor Control of the State of Ohio, appellee-appellant, herein called the Board.

It appears that the Hotel Company was the holder of four retail permits issued by the Ohio Department of Liquor Control, namely, D-1, D-2, D-3 and D-3A; that it was charged with selling beer and intoxicating liquor to eight persons too young to make such purchases and that the Board, upon hearing, found it guilty as to seven of the eight alleged illegal sales and revoked said permits.

Further, it appears that upon appeal, the Common Pleas Court reviewed the entire record and found that the order of said Board "is supported by reliable, probative and substantial evidence and is in accordance with law." The said Common Pleas Court then decided that the penalty of revocation was too severe and accordingly reduced it to a suspension of sixty days and made a further reduction to forty-five days by making fifteen days of the suspension run prior to the date the journal entry was filed.

On April 2, 1958 the said Board filed its notice of appeal with this court from the said judgment of the Common Pleas Court, the appeal being on questions of law. It was with this background that the Hotel Company on April 29, 1958 filed its motion to dismiss the appeal of the said Board, which motion is now under consideration.

It is the contention of the Hotel Company that the reduction in penalty ordered by the Common Pleas Court was merely the exercise of discretion by the said lower court and that such action may not form the basis for an appeal to this court. Cited in support of this view is the case of **Herman Mangold, dba Clover Club v. Board of Liquor Control** (CP 76 Abs 124; OA 77 Abs 457), in which the opinion was rendered by this court on April 8, 1957.

In the Mangold case, supra, it was stated in the opinion that **"the question presented is limited to a review of the correctness of the judgment of the court of common pleas holding that the order of the administrative agency is not supported by reliable, probative and substantial evidence."** (Emphasis added.)

Hence, it was held that this court lacked jurisdiction of the appeal This was because of §119.12 R. C., which provides in part as follows:

"Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court

may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record."

Had the Mangold case, supra, been an appeal based upon questions relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the Board, the conclusion reached, in all probability, would have been opposite from what it was.

The Supreme Court of Ohio has passed upon the meaning of §119.12 R. C. See **Katz et al., dba Century Grill v. Department of Liquor Control of Ohio, 166 Oh St 229,** in which the syllabus is as follows:

"Under the provisions of §119.12 R. C., as amended in 1953 (125 Ohio Laws, 488), an administrative agency may appeal from a judgment of the Court of Common Pleas, rendered on appeal from a decision of such agency, only upon questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency, but when such appeal is perfected the reviewing court has jurisdiction to review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record."

What are the questions which the Board seeks to have determined in this appeal? The Mangold case, supra, is of no help here for in it the Common Pleas Court expressly held that the evidence was insufficient to support the order of the Board. In the case now before us, the Common Pleas Court expressly held that the evidence was sufficient and was in accordance with law.

From its brief we learn that said Board intends to raise the following two questions:

"1. Upon appeal from an order of an administrative agency may the Court of Common Pleas, after finding that the order of agency is supported by reliable, probative and substantial evidence and is in accordance with law then modify the penalty imposed by the agency?

"2. May the Court of Common Pleas, after granting a stay order, fix the date for the beginning of a period of suspension 15 days prior to the date on which the decision was journalized, as was done in the instant case?"

The language above quoted is part of the argument of the said Board in its brief opposing the motion of the Hotel Company to dismiss the appeal. It is not an assignment of errors, although we assume that it is the intention of the said Board at the proper time and in the proper manner to raise, by an assignment of errors, the two questions above set forth.

It would appear that we must decide the said Hotel Company's motion to dismiss upon the condition of the record as of the date when the said motion was filed. On that date, namely, April 29, 1958, the said Board had not filed any assignment of errors in connection with its appeal to this court. Inasmuch as only twenty-seven days had elapsed from the date of the filing of the notice of appeal, the said Board was not out of rule and still had time within which to file its assignment of errors and brief.

It is from the assignment of errors that we must start in our search

to learn precisely what questions the said Board seeks to raise. Inasmuch as the said assignment of errors was not due and had not been filed, there is no way of determining from the record, on April 29, 1958, whether the questions it seeks to raise relate to the constitutionality, construction or interpretation of statutes and the rules and regulations of the said Board, or wheher they relate to questions of evidence. It is therefore apparent that the said motion to dismiss was filed prematurely. Until said assignment of errors is filed there is no way of determining from the record just what questions are raised by the said Board.

For the reasons above set forth the motion of the said Hotel Company to dismiss the appeal must be overruled.

PETREE, PJ, MILLER, J, concur.