STATE RACING COMMISSION, APPELLANT, *v.* ROBERTSON, APPELLEE.

(No. 6162—Decided February 9, 1960.)

*Mr. Mark McElroy*, attorney general, and *Mr. John Hoskins*, for appellant.

*Messrs. Herbert, Tuttle, Applegate & Britt* and *Mr. Gordon K. Bolon*, for appellee.

FESS, J. This is an appeal by the State Racing Commission on questions of law from a judgment of the Common Pleas Court modifying an order of the commission against the defendant Robertson from a revocation of the defendant's jockey license to a suspension of such license until March 15, 1959.[1]

---

1. Inasmuch as the appeal taken by the commission is upon questions of

In the fall of 1958 defendant was charged with violations of the following rules and regulations relating to horse racing adopted by the commission:

"Rule 68: Any license issued by the commission must be revoked for corrupt, fraudulent or improper practice on the part of the holder, or for conduct detrimental to the best interests of racing after a proceeding before the commission."

"Rule 259: Any person who makes injection of any drug, administers any drench, or uses any electrical, mechanical or other applicances, except the ordinary whip, for the purpose of stimulating a horse for affecting its speed in a race shall be ruled off."

"Rule 263: No person shall have in his possession on the premises of a permit holder any drugs, chemicals which may be used as stimulants, hypodermic syringes or hypodermic needles or any other instrument which may be used for injection, or batteries or any other electrical or mechanical instrument which may be used to affect the speed or action of a horse. Any offending party may be ruled off. This rule shall not be construed to apply to a veterinary surgeon licensed by the commission."

Defendant was thereafter accorded a hearing before a referee appointed by the commission, who submitted his findings of fact and conclusions of law and recommendations to the commission, finding that the defendant had violated Rules 68 and 263 and recommending that the license of said jockey be revoked. Thereafter, on February 10, 1959, the commission adopted the findings, conclusions and recommendations of the referee and revoked defendant's jockey license.[2]

---

law relating to the construction or interpretation of the statutes and rules and regulations of the agency, under the provisions of the next to last paragraph of Section 119.12, Revised Code, this court has jurisdiction to review the judgment of the Common Pleas Court. See *Katz* v. *Dept. of Liquor Control*, 166 Ohio St., 229, 141 N. E. (2d), 294; *Gay* v. *Board of Liquor Control*, 106 Ohio App., 59, 151 N. E. (2d), 686; *Mangold* v. *Board of Liquor Control*, 77 Ohio Law Abs., 457, 150 N. E. (2d), 461; *Buckeye Lake Hotel Co.* v. *Board of Liquor Control*, 108 Ohio App., 413, 154 N. E. (2d), 646; also 108 Ohio App., 417, 159 N. E. (2d), 632.

2. In its order, the commission found: (1) That the alleged violation of rule 68 is supported by the evidence adduced at the hearing in that the ac-

On appeal from said order to the Common Pleas Court, upon review of the record of the proceedings before the commission, the court entered its judgment finding that the alleged violation of Rule 263 was not supported by reliable, probative and substantial evidence and was not in accordance with law, but further finding that the violation of Rule 68 was supported by reliable, probative and substantial evidence and was in accordance with law, and modified the order of the commission from the penalty of revocation to one of suspension, terminating on March 25, 1959.[3]

tions for which jockey Kenneth Robertson was arrested and convicted of petit larceny in Bedford, Ohio, constituted improper practice and conduct detrimental to the best interests of racing; (2) that the alleged violation of rule 259 is not supported by the evidence and therefore is dismissed; and (3) with respect to the alleged violation of rule 263, that the evidence adduced supports the charge that jockey Robertson did have in his possession on the premises of a permit holder an electrical device of the type prohibited by such rule.

3. In the opinion, the Common Pleas Court states that the commission failed to sustain its order as to a violation of rule 263 by reliable, probative and substantial evidence and in accordance with law and that the order should be reversed as to this part of the order. And the court further states that the violation of rule 68 was proven by reliable, probative and substantial evidence but that the penalty thereto was not in accordance with law and it should be modified. However, the journal entry recites that in the record and proceedings before the commission there is error manifest upon the face of the record to the prejudice of the appellant in that the finding that defendant violated rule 263 is manifestly against the weight of the evidence and held that that portion of the judgment be set aside, reversed and held for naught. The entry further finds that there was no error manifest upon the face of the record concerning the finding of violation of rule 68. However the court, after due consideration and being fully advised in the premises, finds that the revocation of the license should be modified to a suspension.

As recently determined in *Henry's Cafe, Inc.,* v. *Board of Liquor Control,* 170 Ohio St., 233, 163 N. E. (2d), 678, the power of the Common Pleas Court to modify the order of an administrative agency is limited to the grounds set forth in Section 119.12, Revised Code, to wit, in the absence of a finding that the order is not supported by reliable, probative and substantial evidence and is not in accordance with law, the court may not modify the penalty imposed by such agency.

However, the Court of Appeals in reviewing a judgment of the Court of Common Pleas made pursuant to the provisions of Section 119.12, Revised Code, in turn has jurisdiction to consider the record made before the agency

It is from this judgment that the instant appeal is taken.

Upon review of the record, we concur in the finding of the Common Pleas Court that the alleged violation of Rule 263 was not supported by reliable, probative and substantial evidence and was not in accordance with law.

With respect to the alleged violation of Rule 68, it appears that on September 18, 1958, the defendant drove to Bedford, Ohio, where he met a friend and had a few drinks. Later in the evening, after further imbibing, defendant and his companion drove to the business district of Bedford and parked their automobile in front of a tavern. In his inebriated condition the defendant removed a rear vision mirror from another car parked in front of defendant's automobile and also a potato masher from such vehicle, and placed both of them in defendant's car. Later, defendant left his automobile parked on the street, and the following day, after learning that his friend had been arrested, defendant went to the police station in Bedford and admitted that he, rather than his friend, had taken the rear vision mirror and potato masher. He was charged with petit larceny, arraigned, pleaded guilty and was fined $100. The specific charge before the commission reads as follows:

"In that the said Kenneth Robertson did enter a plea of guilty and was convicted in Bedford Municipal Court on October 20, 1958, to the charge of petit larceny at 909 Broadway Avenue, Bedford, Ohio, about 11:00 p. m., eastern daylight time, on September 18, 1958."

We do not agree with the contention of counsel for the defendant that the provisions of Section 3769.03, Revised Code, prior to its recent amendment, did not authorize the commission to adopt reasonable rules and regulations with respect to the conduct of jockeys.[4] *Matz, Admr.,* v. *J. L. Curtis Cartage*

---

and in the Common Pleas Court to determine whether the Common Pleas Court may have erred in sustaining the order of the board as being supported by reliable, probative and substantial evidence and as being in accordance with law. *Quinn* v. *State Board of Real Estate Examiners,* 104 Ohio App., 316, 137 N. E. (2d), 777.

4. " 'Rule' means any rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, but it does not include regulations concerning internal management of the agency which do not af-

*Co.*, 132 Ohio St., 271, 7 N. E. (2d), 220; *Weber* v. *Board of Health*, 148 Ohio St., 389, 74 N. E. (2d), 331; *In re Adoption of Rules by Ohio Racing Commission*, 90 Ohio App., 469, 107 N. E. (2d), 128. Cf. *Standard "Tote," Inc.*, v. *Ohio Racing Commission* (Com. Pleas), 68 Ohio Law Abs., 19, 121 N. E. (2d), 463, motion to dismiss appeal overruled, 98 Ohio App., 494, 130 N. E. (2d), 455; 1 Ohio Jurisprudence (2d), 425, Section 24. Possibly contra: *Northern Boiler Co.* v. *David*, 157 Ohio St., 564, 106 N. E. (2d), 620; *American Cancer Society, Inc.*, v. *City of Dayton*, 160 Ohio St., 114, 114 N. E. (2d), 219; *Wetterer* v. *Hamilton County Board of Health*, 167 Ohio St., 127, 146 N. E. (2d), 846.

However, any such rule with respect to the conduct of jockeys must have a direct relationship to the conduct of horse racing, and in our opinion the provisions of Rule 68 are too loosely drawn and of such an indefinite character as to accurately define a violation thereof. The words, "corrupt" and "fraudulent," have a definite legal meaning, but the phrases, "improper practice on the part of the holder," and "for conduct detrimental to the best interests of racing," are too broad and indefinite to impose liability for conduct not having a direct relationship to horse racing. This is well illustrated by the facts in the instant case, wherein defendant's plea of guilty to the offense of petit larceny has no direct relationship to his

fect private rights." (Par. [C] Section 119.01, Administrative Procedure Act.)

Section 3769.03, Revised Code, provided: "The State Racing Commission may prescribe rules, regulations, and conditions under which horse racing shall be conducted, and may issue, suspend, diminish, or revoke permits to conduct horse racing as authorized by Sections 3769.01 to 3769.14, inclusive, of the Revised Code."

It is to be presumed that the rules in question were regularly adopted and promulgated by the commission.

We are not unaware of the fact that Section 3769.03 was recently amended (effective November 2, 1959) by providing that the commission may issue, deny, suspend or revoke licenses to such persons engaged in racing and to such employees of permit holders as is in the public interest for the purpose of maintaining a proper control over horse racing meetings. But, in our opinion, the enactment of such amendment does not necessarily indicate that the commission had no such power under Section 3769.03, Revised Code, prior to its amendment.

occupation or conduct as a jockey. To ride a horse in the Sport of Kings is an ancient and honorable pursuit, occasionally receiving the adulation of its devotees, but jockeys as a class are not necessarily either connoisseurs of art or paragons of virtue or sobriety. Assuming the power to license jockeys and regulate their conduct is properly derived from Section 3769.03, Revised Code, any such regulation must have a reasonable relationship to the power to regulate horse racing. Although the question is not free from doubt, we do not go so far as to hold Rule 68 invalid *ipso facto*, but do hold that its terms should be so construed as to relate directly to the conduct of horse racing.[5] But see *Cannon* v. *Board of Liquor Control* (Com. Pleas), 67 Ohio Law Abs., 350, 120 N. E. (2d), 478, and *Clouston* v. *Board of Liquor Control*, referred to in the opinion of the court in the *Cannon* case.

Upon our review of the record in the instant case, we find that the order of the commission is not supported by reliable, probative and substantial evidence and is not in accordance with law. The judgment of the Common Pleas Court is therefore reversed, and, coming to enter the judgment which in our opinion should have been rendered by the Common Pleas Court, the order of the commission is vacated and the cause remanded to the Court of Common Pleas for execution for costs.

*Judgment accordingly.*

SMITH and DONAHUE, JJ., concur.

FESS, P. J., and SMITH, J., of the Sixth Appellate District, and DONAHUE, J., of the Seventh Appellate District, sitting by designation in the Tenth Appellate District.

---

5. In the opinion of the Common Pleas Court, it is remarked that the offense was not one which involved racing directly, such as, for example, gambling, touting and doping relating directly to horse racing.