**POTTERS MEDICAL CENTER, INC., Appellee,**

**v.**

**OHIO DEPARTMENT OF INSURANCE, Appellee; Community Mutual Insurance Company, Appellant.**

[Cite as *Potters Medical Ctr., Inc. v. Ohio Dept. of Ins.* (1989), 62 Ohio App.3d 476.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–911.

Decided April 27, 1989.

*Scherner & Hanson* and *Hans Scherner,* for appellee Potters Medical Center, Inc.

*Marks, Weiner & Marks* and *Edward G. Marks; Delligatti, Hollenbaugh, Briscoe & Milles* and *H. Ritchey Hollenbaugh,* for appellant Community Mutual Insurance Company.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Kenneth L. McLaughlin,* for appellee Ohio Department of Insurance.

McCORMAC, Presiding Judge.

Appellant, Community Mutual Insurance Company (formerly Hospital Care Corporation) ("CMIC"), appeals from a judgment of the Franklin County Court of Common Pleas, which reversed the decision of the Superintendent of Insurance affirming CMIC's refusal to enter into a participating hospital contract with appellee, Potters Medical Center, Inc. ("PMC"). CMIC raises the following assignments of error:

"I. The trial court committed error in granting appellee's motion to leave for amend its notice of appeal.

"II. The trial court erred in failing to give notice to the parties of the hearing of the appeal, and in refusing CMIC's request for oral argument.

"III. The trial court improperly held that the Superintendent of Insurance did not comply with the Supreme Court's opinion in *Potters Medical Center v. Ratchford,* 18 Ohio St.3d 253 [18 OBR 309, 480 N.E.2d 789] (1985).

"IV. (A) The trial court improperly held that the decision by the Department of Insurance was not supported by reliable, probative and substantial evidence.

"IV. (B) The trial court erroneously held that the record fails to support the Superintendent's finding that Potters was not 'open to the general public 24 hours each day for emergency care.'

"V. The trial court erred in failing to rule upon CMIC's motion to strike an exhibit from the brief of PMC."

The course of proceedings prior to the instant appeal began on December 18, 1978, and resulted in the Ohio Supreme Court decision of *Potters Medical Center, Inc. v. Ratchford* (1985), 18 Ohio St.3d 253, 18 OBR 309, 480 N.E.2d 789. One is directed to that opinion for a summarization of the procedural history of this case prior to July 24, 1985. In reversing this court's decision, the Supreme Court held:

"In a proceeding pursuant to R.C. 1739.06 a hospital service association must enter into a participating hospital contract absent a showing that an otherwise qualified hospital fails to meet the criteria set forth in R.C. 1739.01(B) and (M)." *Potters Medical Center, Inc. v. Ratchford, supra,* syllabus.

The court ordered that the case be remanded to the Superintendent of Insurance for " * * * further proceedings consistent with this opinion."

The superintendent interpreted this language as necessitating a second evidentiary hearing. His rationale was that in the first proceeding CMIC was permitted to rely on PMC's application with the Ohio Department of Health for Section 1122, Capital Reimbursement Approval, under Title 42, U.S.Code, to the exclusion of all other evidence. Because the Supreme Court held this to be reversible error, the superintendent ordered a second hearing so that CMIC might produce evidence addressing the standards contained in R.C. 1739.01(B) and (M).

Based upon numerous prehearing conferences and the briefs of both parties, the hearing before the Department of Insurance focused on three issues: (1) was PMC a "hospital" as defined in R.C. 1739.01(B); (2) does PMC fail to meet the cost control standards contained in R.C. 1739.01(M) because it is a duplicative or unnecessary facility and/or it provides duplicative or unnecessary services; and (3) does PMC fail to meet the cost control standards of R.C. 1739.01(M) because it fails to follow sound management practices. At the conclusion of approximately two weeks of testimony, the hearing officer issued his report concluding that PMC is not open for emergency care twenty-four hours per day and is, therefore, not a hospital under R.C. 1739.01(B).

The hearing officer further concluded that PMC has failed to meet the cost control standards of R.C. 1739.01(M). The superintendent adopted the hearing officer's report in total and approved CMIC's refusal to contract with PMC.

On July 10, 1987, PMC appealed to the Court of Common Pleas of Franklin County, pursuant to R.C. 119.12, captioning its notice of appeal:

"POTTERS MEDICAL CENTER,

Appellant,

"v.

"STATE OF OHIO, DEPARTMENT OF INSURANCE,

Appellee."

On January 22, 1988, the court granted the Department of Insurance's motion to dismiss and permitted PMC to amend its notice of appeal to include CMIC as a party-appellee. Following the submission of trial briefs by both parties, the court rendered its decision on July 5, 1988, reversing the decision of the Superintendent of Insurance as not being in compliance with the Supreme Court's mandate as expressed in *Potters Medical Center, Inc., v. Ratchford, supra.*

In their first assignment of error, CMIC contends that PMC failed to timely perfect its appeal against CMIC. The pleadings before the trial court indicate that PMC filed a notice of appeal to the court of common pleas on July 10, 1987, including the Department of Insurance as the only captioned appellee. However, a copy of this notice was served on CMIC as evidenced by the Certificate of Service, wherein CMIC was designated as a party-appellee. On November 12, 1987, PMC filed a motion for leave to amend its notice of appeal to which CMIC took issue by memoranda filed November 23, 1987 and December 7, 1987. On January 22, 1988, the trial court issued its decision dismissing the Department of Insurance as a party and allowing PMC to amend its notice of appeal by adding CMIC to its caption as a party-appellee.

CMIC argues that it was improper for the trial court to allow PMC to amend its notice of appeal. In support, CMIC contends that, because the appeal is governed by R.C. Chapter 119 which contains no provision for amendment, it follows that a trial court is without authority to allow a notice of appeal to be amended. Further, CMIC argues that the procedure employed at the common pleas level was tantamount to the addition of a new party, beyond the fifteen-day jurisdictional limit imposed by R.C. 119.12. We do not agree with CMIC's interpretation.

While R.C. Chapter 119 contains no provision for the amendment of a notice of appeal, R.C. 2505.03(B) provides, in pertinent part:

"Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure.  * * * "

R.C. Chapter 2505 contains two applicable provisions. R.C. 2505.04 provides that the only jurisdictional requirement necessary to perfect an appeal is the timely filing of notice. R.C. 2505.05 allows a notice of appeal to be modified at the discretion of the court once the appeal has been timely perfected. These statutes provide an adequate basis for the common pleas court to grant a motion to amend.

At all times prior to the appeal CMIC has been both an adverse and necessary party to the proceedings. See *Thomas v. Webber* (1968), 15 Ohio St.2d 177, 44 O.O.2d 150, 239 N.E.2d 26. Furthermore, CMIC was served with PMC's notice of appeal and participated in the proceedings before the notice was amended. The only defect in PMC's notice was that CMIC was not included in the caption.

When presented with an identical situation, the Court of Appeals for Cuyahoga County has held:

"Under R.C. 2505.04 the only jurisdictional requirement is the filing of the notice of appeal. R.C. 2505.05 then sets out what information must be designated in this notice of appeal. These, however, are not jurisdictional prerequisites and failure to comply with them does not defeat an appeal, as the notice of appeal may be amended 'for good cause shown.'" Paragraph one of the syllabus in *Moore v. Cleveland Civil Serv. Comm.* (1983), 11 Ohio App.3d 273, 11 OBR 453, 465 N.E.2d 482.

Continuing, the court in *Moore* reaffirmed the proposition that procedures should be liberally construed so that cases are determined on their merits and notice is sufficient if it substantially informs all parties of the appeal.

CMIC was given adequate notice that an appeal had been taken and was at all times an adverse party. Therefore, it was within the discretion of the common pleas court to grant PMC's motion to amend on the grounds of "inadvertence" when captioning the parties.

Appellant's first assignment of error is overruled.

█ CMIC's second assignment of error contends that the court of common pleas erred by failing to notify the parties of the hearing date and by refusing CMIC's request for an oral hearing. It must first be noted that the record on appeal shows that, by entry dated March 15, 1988, the court of common pleas

established a briefing schedule thereby placing the parties on notice of the date after which the court would hear the appeal. The setting of a briefing schedule is sufficient to inform the parties of a hearing date and, as such, CMIC's argument to the contrary is without merit.

■ In deciding that an oral hearing is not required under R.C. 119.01, the Supreme Court stated:

"R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence. In the instant case, neither party requested that the judge hear oral arguments or objected when none were heard. The court properly exercised its discretion and limited the hearing to a review of the administrative proceedings." *Motor Vehicles Dealers Bd. v. Cadillac* (1984), 14 Ohio St.3d 64, 67, 14 OBR 456, 459, 471 N.E.2d 488, 492.

This decision is in accord with our holding in *House of Esther Marie v. Ohio Dept. of Health* (Dec. 3, 1981), Franklin App. No. 81AP–304, unreported, 1981 WL 3639, wherein we determined that a trial court is not required to grant an oral argument unless one is requested by counsel prior to the submission of briefs. "Since the option to submit a brief and to present an oral argument rests with the parties, the parties may waive that right." *House of Esther Marie, supra,* at 7.

The trial court rendered its decision on the merits by entry dated July 5, 1988. CMIC did not request an oral argument until July 15, 1988. CMIC failed to timely request oral arguments and, therefore, it was within the discretion of the trial court to enter a decision without oral arguments.

CMIC's second assignment of error is overruled.

■ The issue presented by CMIC's third assignment of error concerns an interpretation of what the Supreme Court meant when it remanded the case to the Superintendent of Insurance for proceedings consistent with its opinion. *Potters Medical Center, Inc. v. Ratchford, supra.* CMIC argues that the Supreme Court's decision shifted the burden of proof at the administrative level from PMC to CMIC, thereby necessitating a second hearing. PMC, on the other hand, argues that the court's language meant that the Superintendent of Insurance was required to order CMIC to award PMC a participating hospital contract without further hearings.

Our interpretation of the Supreme Court opinion is not that the court held that the burden of proof should be shifted but that the administrative tribunal should have broadened the scope of its review. The initial Department of Insurance hearing allowed CMIC to rely totally on the Health Systems

Agency of Eastern Ohio's decision not to recommend reimbursement to PMC for capital expenditures under Section 1122 of the Social Security Act. The Supreme Court held that, while the Section 1122 application is relevant, it is not conclusive. Evidence must be offered of the criteria set forth in R.C. 1739.01(B) and (M). Since this was not done at the first administrative hearing, the Supreme Court remanded.

The only way that the Supreme Court's mandate could be carried out was by way of a second evidentiary hearing. The Supreme Court did not order the Superintendent of Insurance to award the contract because there was never a factual determination regarding the proper elements. The court determined that R.C. 1739.01(B) and (M) were the proper standards, yet there was no evidence from the first hearing addressed to those issues. Logically, a rehearing before the Superintendent of Insurance based upon the proper statutory framework would result in a decision based upon the proper criteria. Had the Supreme Court intended only that the trial court enter judgment for PMC, it probably would have so stated rather than remanding the case to the Superintendent of Insurance for further proceedings.

Appellant's third assignment of error is sustained.

CMIC's fourth assignment of error argues that the Superintendent of Insurance's decision was supported by reliable, probative and substantial evidence, and that it was error for the lower court to hold otherwise. In support, CMIC contends that in an administrative appeal the common pleas court has a more limited scope of review which does not include the weighing of evidence.

In *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 53–54, 131 N.E.2d 390, 393–394, the Supreme Court held that, when reviewing a decision of an administrative agency, it is within the power of the court of common pleas to judge the credibility of the witnesses and determine the weight of the evidence. The court clarified the extent of this power in *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265, wherein, the court stated that, while *Andrews* might allow a court of common pleas to substitute its judgment for that of the administrative officer, that right is limited.

"In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight the court should defer to the determination of the administrative body, which, as the factfinder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. * * * " 63 Ohio St.2d at 111, 17 O.O.3d at 67, 407 N.E.2d at 1267.

The task of this court then becomes to review the record to determine the correctness of the court of common pleas' judgment. *In re Owner–Trainer Topper* (1959), 109 Ohio App. 289, 11 O.O.2d 49, 165 N.E.2d 19. As we stated in *State Racing Comm. v. Robertson* (1960), 111 Ohio App. 435, 435, 14 O.O.2d 456, 456, 172 N.E.2d 628, 629:

" * * * [T]he Court of Appeals, upon review of a judgment of the Court of Common Pleas, made pursuant to the provisions of Section 119.12, Revised Code, has jurisdiction to consider and review the record of the proceedings before the agency and in the Common Pleas Court to determine whether such court may have erred in finding that such order is supported by reliable, probative and substantial evidence and is in accordance with law."

Application of this standard to the record herein leads us to the conclusion that the Superintendent of Insurance's decision was supported by reliable, probative and substantial evidence and that the trial court improperly substituted its judgment for the Superintendent of Insurance.

CMIC's evidence was directed towards two areas: PMC was not open for emergency care twenty-four hours a day; therefore, it was not a hospital under R.C. 1739.01(B); and that PMC did not meet the cost containment requirements of R.C. 1739.01(M) because PMC was a duplicative and unnecessary facility that was not well managed. As to the emergency care argument, the record amply supports the superintendent's determination and there was no proper basis for the trial court to substitute its judgment for that of the superintendent in this regard.

■ CMIC introduced the testimony of three of its investigators, two of whom stated that they could not gain entrance to PMC after normal business hours, and one who testified that once he did get in he was informed that PMC had no emergency room. There was evidence indicating that the emergency room was improperly equipped and poorly located, that at times a nurse had to be called from another part of the hospital to attend emergency patients, and that generally the staff was ill trained for emergency situations. Evidence was also introduced showing that the emergency entrance was poorly marked. Furthermore, PMC's vice-president of Clinical Services testified that she consistently indicated that PMC has no emergency department on Ohio Department of Health surveys.

PMC's case consisted of rebuttal evidence and focused on PMC's Joint Commission on Accreditation of Hospital's ("JCAH") level three emergency care certification. The Department of Insurance's hearing officer concluded that JCAH's accreditation was insufficient to prove compliance with R.C. 1739.01(B) in light of the direct evidence of the witnesses.

■ Regarding the issue of controlling costs, CMIC focused on showing PMC to be a duplicative facility under R.C. 1739.01(M)(1) and poorly managed in contravention of R.C. 1739.01(M)(4). CMIC offered extensive evidence indicating that the East Liverpool area was overbedded. Occupancy rates at both PMC and East Liverpool City Hospital had shown significant decreases in the past few years. There was testimony that, because of the nature of hospital fixed costs, lower occupancy rates directly affected consumer costs. Other evidence tended to show that every health care service does not have to be provided in each municipality. Some travel time is acceptable.

CMIC also elicited testimony concerning PMC's management practices. The record shows that PMC's FET ratio, a methodology for determining proper labor cost, was substantially higher than that of other hospitals. Paul Pezzenti, a CMIC employee specializing in employee relations, testified that, according to a prudent buyer survey, PMC was paying an amount in excess of the area mean for sixty-one percent of their surveyed items. While PMC offered explanations for some of these purchases, the majority were still more expensive than those of most other hospitals. Pezzenti also testified that PMC failed to adhere to their announced bad-debt policy. Finally, PMC's 1984 and 1985 financial statements failed to rate an unqualified auditor's opinion.

There was reliable, probative and substantial evidence before the Superintendent of Insurance which supported his decision. As such, the trial court erred by reversing on the grounds of lack of substantial evidence.

CMIC's fourth assignment of error is sustained.

In its fifth assignment of error, CMIC contends that the trial court erred in failing to strike an exhibit from the brief of appellee. The exhibit in question is a letter from JCAH to PMC, dated January 16, 1987, indicating that PMC's accreditation with JCAH had been renewed. CMIC argues that the document was not in existence at the time of the hearing so that it cannot qualify as newly discovered evidence admissible under R.C. 119.12.

■ While the document in question might have been newly created and not newly discovered, any error in admitting it into evidence was not prejudicial. PMC's accreditation by JCAH was never disputed by appellant. It was well established that PMC was accredited shortly after beginning operations and its accreditation has been subsequently renewed at each opportunity. All the letter in question shows is that PMC has been granted yet another renewal.

CMIC's fifth assignment of error is overruled.

Appellant's first, second, and fifth assignments of error are overruled. Appellant's third and fourth assignments of error are sustained. The judg-

ment of the trial court is reversed and the cause is remanded to the trial court to enter judgment for appellant.

*Judgment reversed*
*and cause remanded.*

Bowman and Young, JJ., concur.