[Cite as *Hooser v. Ohio State Racing Comm.*, 2013-Ohio-4888.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darrell Hooser, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 13AP-320 |
| | | (C.P.C. No. 12CVF02-2638) |
| Ohio State Racing Commission, | : | |
| | | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

---

### D E C I S I O N

### Rendered on November 5, 2013

---

*Phillip D. Lehmkuhl*, for appellant.

*Michael DeWine*, Attorney General, and *Andromeda McGregor*, for appellee.

---

### APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Appellant, Darrell Hooser, appeals the decision of the Franklin County Court of Common Pleas affirming an Adjudication Order issued by the Ohio State Racing Commission. For the following reasons, we affirm in part the judgment of the trial court.

{¶ 2} Hooser presents seven assignments of error for our consideration:

[I.] The Trial Court erred by upholding the Racing Commission's finding that Appellant violated Rule 3769-17-18 O.A.C.

[II.] The Trial Court erred by upholding the Racing Commission's finding that Appellant violated Rule 3769-17-99 O.A.C.

[III.] The Trial Court erred by upholding the Racing Commission's finding that Appellant violated Rule 3769-12-26(A)(10).

[IV.] The Trial Court erred by upholding the finding of the Racing Commission that Appellant violated Rule 3769-12-99 O.A.C.

[V.] The Trial Court erred by relying upon evidence which is inadmissible under Ohio Rules of Evidence 404 and 406.

[VI.] The Trial Court erred by failing to find that Rule 3769-12-26(A)(10) is constitutionally void for vagueness.

[VII.] The Trial Court erred by failing to find that the Racing Commission had no statutory authority to apply Rule 3769-17-18 to non-racing conduct.

{¶ 3} This case arises from an incident that occurred on July 13, 2011 at the Northfield Park racetrack in which Darrell Hooser is accused of abusively beating a horse. Hooser, who held a Standardbred Racehorses trainer's license, was working with the horse Suited N Booted when the horse got loose and escaped the barn located on the racetrack grounds. The horse with a jog cart attached caused damage to a few cars, an air-conditioning unit, and to the horse itself. After a few minutes, the horse was returned to Hooser who could not give chase having hurt his ankle when the horse initially escaped. A witness heard a bystander comment that Hooser was lucky to have the jog cart still intact and that the horse does not have a nick on it. The witness claimed Hooser replied "Give me five minutes; he'll have a nick on him." (R. 15, at 111.)

{¶ 4} After being taken into the barn, the horse was placed in cross ties to secure him in his stall. Another trainer in the barn then heard five or six whipping sounds and observed that Suited N Booted as well as many other horses were unsettled and agitated. (R. 15, at 136-37.) A security person arrived about ten minutes after Suited N Booted was returned to the barn. She was specifically concerned that Hooser was going to whip the horse based on Hooser's reputation. She heard Hooser yelling at the horse and observed welt marks about a foot long in the shape of an "x" on the rear of the horse. (R. 15, at 61-66.) Hooser and his girlfriend, Lisa Synder, were present during the incident, and claimed that no whipping took place.

{¶ 5} Appellee, the Ohio State Racing Commission ("Commission"), held a hearing, found Hooser had violated Commission rules, and revoked Hooser's license.

Hooser appealed to the Franklin County Court of Common Pleas, pursuant to R.C. 119.12, which found that the Commission's order is supported by reliable, probative, and substantial evidence, and is in accordance with law. Hooser timely appealed the trial court's decision.

{¶ 6} Pursuant to R.C. 119.12, a reviewing trial court must affirm the order of an administrative agency if it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980). "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 7} In undertaking this hybrid form of review, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are, by no means, conclusive. *Univ. of Cincinnati* at 111.

{¶ 8} Where the court, in its appraisal of the evidence, determines that there exists legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order. Thus, where a witness' testimony is internally inconsistent, or is impeached by evidence of a prior inconsistent statement, the court may properly decide that such testimony should be given no weight. Likewise, where it appears that the administrative determination rests on inferences improperly drawn from the evidence adduced, the court may reverse the administrative order. *Id.*

{¶ 9} Considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer. *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377 (1994). Further, an administrative rule that is issued pursuant to

statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter. *Id.*

{¶ 10} In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a common pleas court reviewing the same order. It is incumbent on the common pleas court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the common pleas court has abused its discretion. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988).

{¶ 11} In the first assignment of error, Hooser asserts the trial court abused its discretion in finding that he violated Ohio Adm.Code 3769-17-18, which reads:

> **Brutal use of whip**.
>
> The brutal use of a whip, crop, or excessive or indiscriminate use of the whip or crop shall be considered a violation and shall be punished by a fine and/or suspension.

{¶ 12} Hooser argues that since this rule falls under the heading of "Chapter 3769-17 Owner and Driver Rules; Violations" it does not apply to this situation since the horse was not in a race and was not being driven. Ohio Adm.Code 3769-17-18 does apply as the Commission can regulate conduct in a barn on a licensed premise where racing is being conducted. Further, the chapter heading does not exclude all other classes of people from the rules contained therein. A quick reading of the rules in the chapter shows that trainers, groomers, and judges are all regulated within the chapter along with owners and drivers.

{¶ 13} Secondly, Hooser argues there is no direct evidence that anyone saw him whip the horse and therefor it is impossible to determine whether the whipping was brutal, excessive or indiscriminate. This argument fails as considerable deference should be accorded to an agency's interpretation of the rules it administers. *See Celebrezze.*

{¶ 14} The purpose of the General Assembly in providing for administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards or commissions composed of people equipped with the necessary knowledge and experience pertaining to a particular field. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621-22 (1993). The Commission is permitted to make reasonable inferences

from the evidence when there is lack of direct evidence. *Delahoussaye v. Ohio State Racing Comm.*, 10th Dist. No. 03AP-954, 2004-Ohio-3388, ¶ 23.

{¶ 15} Further, Ohio Adm.Code 3769-17-17 states:

> Drivers will be allowed whips not to exceed forty-eight inches, plus a snapper not longer than six inches; and provided further that the following actions may be considered as excessive or indiscriminate use of the whip:
>
> (A) Causing visible injury.

A security guard stated she saw welts in an "x" pattern on the rear of the horse a few minutes after the whipping was heard. (R. 15, at 61-66.) This could be seen as direct evidence of excessive or indiscriminate use of a whip. The trial court did not abuse its discretion in finding the Adjudication Order is supported by reliable, probative, and substantial evidence when finding that Hooser violated Ohio Adm.Code 3769-17-18.

{¶ 16} The first assignment of error is overruled.

{¶ 17} In the second assignment of error, Hooser argues the trial court improperly affirmed that he violated Ohio Adm.Code 3769-17-99. Hooser argues that Ohio Adm.Code 3769-17-99 is merely a provision of the penalties that can be imposed and cannot be violated as it mandates no conduct and prohibits no conduct. Similarly, Hooser also asserts in his fourth assignment of error, that Ohio Adm.Code 3769-12-99 is a penalty provision that cannot be violated. We find that these two rules are simply penalties that may be imposed by the Commission and do not prohibit or mandate any conduct other than to say that continuing violations of other rules each day shall be considered a separate offense and may be penalized separately. The Adjudication Order's finding that Hooser violated Ohio Adm.Code 3769-17-99 and 3769-12-99 are not in accordance with law. This mistake does not change the ultimate outcome because the evidence supports the finding that Hooser violated Ohio Adm.Code 3769-17-18 and 3769-12-26(A)(2) for which the Commission can impose penalties.

{¶ 18} The second and fourth assignments of error are sustained.

{¶ 19} In the fifth assignment of error, Hooser asserts that hearsay testimony and testimony of Hooser's past conduct and reputation were improperly relied on by the Commission's hearing officer and the Commission when it issued its adjudication order.

{¶ 20} Administrative agencies are not strictly bound by rules of evidence. *Belcher v. Ohio State Racing Comm.*, 10th Dist. No. 03AP-786, 2004-Ohio-1278, ¶ 12. Hearsay may be considered by an administrative agency and the rules of hearsay exclusion are not strictly applied in administrative hearings. *Felice's Main St., Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP-1405, 2002-Ohio-5962. However, an administrative agency should not act upon evidence which is not admissible, competent or probative of the facts which it is to determine. The hearsay rule is relaxed in administrative proceedings, but the discretion to consider hearsay evidence cannot be exercised in an arbitrary manner. *Hong Kong Trading Ctr. v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-293, 2010-Ohio-913, ¶ 41.

{¶ 21} The trial court found that reputation evidence is appropriate for consideration in this case. "The record from the administrative hearing contains numerous accounts from attesting witnesses that together form a pattern of conduct by Appellant at Northfield Park, where his volatile temper frequently resulted in excessive hitting, whipping and beating of horses." (R. 23, at 13.)

{¶ 22} There is sufficient evidence to support that Hooser violated Ohio Adm.Code 3769-17-18 to conclude that the hearing officer did not need to rely on the evidence of Hooser's reputation. Further, there is no question the evidence from the hearing is admissible, competent, and probative. Much of the testimony of prior bad acts or of Hooser's reputation was from first-hand knowledge. The hearing officer was not strictly bound by the rules of evidence and there was sufficient direct and circumstantial evidence of the incident to find there was a violation.

{¶ 23} The fifth assignment of error is overruled.

{¶ 24} Hooser argues in the sixth assignment of error, that Ohio Adm.Code 3769-12-26(A)(10) is constitutionally void for vagueness:

> (A) The commission may refuse to grant, may revoke or may suspend any license, or may otherwise penalize, under the provisions of rule 3769-12-99 of the Administrative Code, a person to whom any of the following apply:
>
> * * *
>
> (10) The applicant or licensee has engaged in conduct which is against the best interest of horse racing.

{¶ 25} This appellate court has already addressed the question of whether this particular language is void for vagueness. The "specificity requirements which must be met by a criminal statute are not required in the licensing context." (Citations omitted.) *Burneson v. Ohio State Raving Comm.*, 10th Dist. No. 03AP-925, 2004-Ohio-3313, ¶ 23. The phrases, " 'improper practice on the part of the holder' and 'for conduct detrimental to the best interests of racing,' employed in a regulation of an administrative agency, are too broad and indefinite to impose liability for conduct not having a direct relationship to the subject sought to be regulated." *Id.* at ¶ 24, quoting *State Racing Comm. v. Robertson*, 111 Ohio App. 435 (10th Dist.1960), paragraph two of the syllabus. Any regulation must have a reasonable relationship to the power to regulate horse racing. *Burneson* at ¶ 25 (finding that Ohio Adm.Code 3769-12-26(A)(10) is not void for vagueness as processing horse racing contraband in a barn is against the best interest of horse racing).

{¶ 26} We have found that the Commission properly determined Hooser brutally or excessively whipped a racing horse in a barn, surrounded by other racing horses, on a racing track's premises, on a day when racing was occurring. (R. 15.) A reasonable relationship exists between Hooser's actions and the Commission's power to regulate horse racing. We again find Ohio Adm.Code 3769-12-26(A)(10) is not void for vagueness.

{¶ 27} The sixth assignment of error is overruled.

{¶ 28} In the third assignment of error, it is asserted that the trial court erred in affirming that Hooser violated Ohio Adm.Code 3769-12-26:

> (A) The commission may refuse to grant, may revoke or may suspend any license, or may otherwise penalize, under the provisions of rule 3769-12-99 of the Administrative Code, a person to whom any of the following apply:
>
> * * *
>
> (10) The applicant or licensee has engaged in conduct which is against the best interest of horse racing.

Hooser argues he did not brutally, excessively or indiscriminately use a whip. Therefore, the underlying action does not exist to find that his conduct was against the best interest of horse racing. We previously stated that the trial court did not abuse its discretion in

affirming Hooser violated Ohio Adm.Code 3769-17-18 and we have stated that a reasonable relationship exists between Hooser's conduct and horse racing, therefore, the trial court did not abuse its discretion in affirming that Hooser violated Ohio Adm.Code 3769-12-26(A)(10).

{¶ 29} The third assignment of error is overruled.

{¶ 30} In the seventh assignment of error, Hooser argued that he was engaged in non-racing conduct and therefore, the Commission lacked the statutory authority to apply Ohio Adm.Code 3769-17-18 and penalties stemming of a violation therefrom. First, considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer. *Celebrezze.* We have already found that Hooser's actions have a reasonable relationship to horse racing, and that Hooser's classification as a trainer does not exempt him from Ohio Adm.Code 3769-17-18. Further, Hooser's narrow interpretation of the statutory authority of R.C. 3769.03 to the time when only actual horse racing is being conducted is clearly against the body of case law and legislative intent. We find Hooser's action is reasonably related to horse racing and the Commission has the statutory authority to regulate it.

{¶ 31} The seventh assignment of error is overruled.

{¶ 32} In review, we sustain the second and fourth assignments of error. We overrule the first, third, fifth, sixth, and seventh assignments of error. We affirm in part the judgment of the Franklin County Court of Common Pleas as to the Administrative Order on appeal.

*Judgment affirmed.*

DORRIAN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of Ohio Constitution, Article IV, Section 6(C).