JACOBS ET AL., APPELLANTS, *v.* MADDUX ET AL., APPELLEES.
JACOBS ET AL., APPELLANTS, *v.* BLAKE ET AL., BOARD OF COUNTY COMMISSIONERS OF CLERMONT COUNTY, ET AL., APPELLEES.

[Cite as Jacobs v. Maddux, 7 Ohio St. 2d 21.]

(Nos. 39853 and 39854—Decided June 22, 1966.)

22

*Messrs. Leroux & Weber* and *Mr. Paul J. Weber,* for appellants.

*Mr. Robert A. Jones,* prosecuting attorney, for appellees Board of Trustees of Union Township and Board of County Commissioners of Clermont County.

*Messrs. Paxton & Seasongood, Mr. Robert H. Hinds, Mr. Paul M. Schindler, Mr. Chris Rosenhoffer, Messrs. Dolle, O'Donnell, Cash, Fee & Hahn* and *Mr. John R. Hahn,* for intervening appellees.

O'NEILL, J. In case No. 39853, the issue before the court is whether one whose petition for incorporation has been denied by a resolution of a Board of Township Trustees on the basis that such petition does not comply with statutory requirements may appeal from that decision under Section 2506.01, Revised Code.

This court held in *Tuber* v. *Perkins et al., Board of Trustees,* 6 Ohio St. 2d 155, that a Board of Township Trustees may function as a legislative body, and, when it functions as such, there can be no appeal from its action.

Functionally, the action which the trustees took in the instant case is not legislative since it involves merely the application of existing law to a given factual situation.

The cases of *Remy* v. *Kimes et al., City Comm. of San-*

24

*dusky*, 175 Ohio St. 197, and *Berg* v. *City of Struthers*, 176 Ohio St. 146, are inapplicable to the facts of this case. Those cases involved legislative action by the legislative authority of a municipality. This power is granted to the township trustees in Chapter 519 of the Revised Code. See *Yorkavitz* v. *Board of Township Trustees of Columbia Twp.*, 166 Ohio St. 349; *Tuber* v. *Perkins, supra.* The determination of whether an incorporation petition meets statutory requirements is not an exercise of the local police power, nor is it an exercise of any legislative power.

With regard to incorporation petitions, Section 707.15, Revised Code, relates to petitions filed with township trustees, and Section 707.16, Revised Code, provides for a hearing before the trustees requiring the presentation of proof of certain matters enumerated in Section 707.15, *supra*, and a finding by the trustees on the basis of the proof presented. Upon making a finding that the petition is true and conforms to statutory requirements, the trustees have no choice but to order an election upon the question of incorporation.

Section 2506.01, Revised Code, provides in part as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code."

A Board of Township Trustees, acting in a quasi-judicial capacity, is acting as a tribunal of a political subdivision of the state within the meaning of this statute. The Legislature, by its all-encompassing language in Section 2506.01, *supra*, intended to cover those specified types of agencies of a political subdivision whose actions are of the type which are generally considered to be appealable to a higher authority.

Section 2506.01, *supra*, in describing a final order, provides that a final order "does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such ap-

peal is provided" and, likewise, does not include "any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *."

No rule, ordinance or statute provides for an appeal to a higher administrative authority from the action of the township trustees in this case. The only method by which this exercise of quasi-judicial power may be reviewed is under Section 2506.01, *supra*. The action of the trustees has determined the rights of "a specified person" within the meaning of Section 2506.01, *supra*. Although there are a large number of such persons, they may be specified persons within the meaning of the statute, so long as they are asserting the denial of a right peculiar to themselves and are not complaining of an injury sustained in common with the general public. See dissenting opinion of Mr. Justice Butler in *Tennessee Electric Power Co.* v. *Tennessee Valley Authority*, 306 U. S. 118; *Baker* v. *Carr*, 369 U. S. 186, 204, 208. These persons may improperly have been denied the right to have the question of incorporation decided by a vote of all persons affected, and, if so, they are aggrieved by the determination of the trustees and are entitled to have that determination reviewed.

The decision of this case is consistent with our holding in *Tuber* v. *Perkins, supra*. That case held only that the particular action in question was a legislative action and, therefore, was not appealable, not that there could never be an appeal from an action by township trustees.

In case No. 39854, the issue is whether plaintiffs are entitled to an injunction against the proceedings pending before the county commissioners until final disposition has been made of the incorporation petition before the township trustees.

In case No. 39853, the trial court erroneously held that an appeal under Section 2506.01, *supra*, would not lie from the action of the township trustees in rejecting the incorporation petition. It was apparently on the assumption that the action of the trustees was final and nonappealable that the trial court held in case No. 39854 that no action was pending before the trustees, and, therefore, that there was no basis for enjoining the annexation proceeding. On the basis of that as-

26

sumption, the trial court logically could have reached no other conclusion.

The question of whether the incorporation petition was entitled to priority was not reached.

The basis upon which the judgment of the trial court rested precluded a consideration of the merits of the action for injunction. Since the action of the trustees is appealable under Section 2506.01, *supra*, the Court of Common Pleas should decide the questions raised by the action for injunction, including the question of priority. Appellants are, therefore, entitled to a hearing before the Common Pleas Court on the merits of their action for injunction, as well as on their appeal from the action of the trustees.

The judgments of the Court of Appeals in cases Nos. 39853 and 39854 are reversed, and the causes are remanded to the Common Pleas Court for further proceedings in conformity with this opinion.

*Judgments reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurs in the syllabus and in the judgment.