In re Incorporation of Carlisle Ridge Village: Thomas, Appellee, *v.* Webber et al., Appellants.

[Cite as Thomas v. Webber, 15 Ohio St. 2d 177.]

(No. 41127—Decided July 10, 1968.)

*Messrs. Horan, Ashenbach & Tattersall* and *Mr. L. R. Ashenbach,* for appellee.

*Messrs. Bogart & Murray* and *Mr. Harry C. Bogart,* for appellants.

TAFT, C. J. The appeal to the Common Pleas Court from the order of the township trustees was taken pur-

suant to Section 2506.01, Revised Code, which reads in part:

"Every final order, adjudication, or decision of any * * * tribunal, authority, board * * * or other division of any political subdivision of the state may be reviewed by the Common Pleas Court * * * as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code [the Appellate Procedure Act], and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code. * * *"

There is nothing in Sections 2506.01 to 2506.04, inclusive, as to how such an appeal is to be perfected. Hence, as specified in Section 2506.01, Revised Code, the provisions of Sections 2505.04 and 2505.05, Revised Code, are applicable, except to the extent that they may conflict with the provisions of Chapter 2506, Revised Code.

Section 2505.04, Revised Code, reads in part:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission."

Section 2505.05, Revised Code, reads in part:

"The notice of appeal * * * shall designate the order, judgment, or decree appealed from * * *. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. * * * "

The notice of appeal from the order of the township trustees designates no persons as parties, nor does it designate parties appellant or parties appellee.

In *Jacobs* v. *Maddux* (1966), 7 Ohio St. 2d 21, 218 N. E. 2d 460, we held that those who had signed a petition for incorporation, such as that involved in the instant case, could, pursuant to Chapter 2506, Revised Code (Administrative Appellate Procedure Act), appeal to the Common Pleas Court from a decision of a board of township trustees denying their petition.

As to the petitioners before the board of township trustees, there is no question but that they were parties to

the proceedings before the township trustees. Cf. *Roper* v. *Board of Zoning Appeals* (1962), 173 Ohio St. 168, 180 N. E. 2d 591; *Bailes* v. *Martin* (1963), 2 Ohio App. 2d 197, 207 N. E. 2d 385.

Thus, those freeholders and electors of Carlisle Township, who signed the petition for incorporation in the instant case, were parties to the proceeding before the township trustees. Under Section 2505.05, Revised Code, those parties, or at least a representative of those parties or someone who represented their interests, should have been designated as parties (appellees) in the notice of appeal from the order of the township trustees.

The whole purpose of the Thomas appeal from the order of the township trustees was to take from those petitioners that which they had sought by their petition and been given by the township trustees, from whose order Thomas appealed. Thus, each one of those petitioners was not only a necessary party but an "adverse party" to her appeal within the meaning of those words in Section 2505.05, Revised Code, as quoted above.

Being adverse and necessary parties, they would be parties in the Common Pleas Court appeal, whether or not named by their adversary in her notice of appeal. As parties to the proceedings before the township trustees, they could determine from the record in those proceedings whether a notice of appeal had been filed from the order of the trustees within the ten-day time limit specified in Section 2505.07, Revised Code, and could take appropriate steps to protect their interests in the appeal proceedings before the Common Pleas Court.

It is not necessary for us to consider whether their apparent failure to do so, and their failure to participate in the proceedings before the Common Pleas Court, may adversely affect their right to raise some questions they might otherwise have been able to raise on an appeal from the judgment of that court. See *State* v. *Glaros* (1960), 170 Ohio St. 471, 166 N. E. 2d 379.

The question before us is not what questions they may

raise on appeal from the judgment of the Common Pleas Court, but whether they can appeal from that judgment.

Section 2506.04, Revised Code, provides in part:

"The judgment of the court may be appealed by any party on questions of law pursuant to Sections 2505.01 to 2505.45, inclusive, of the Revised Code [Appellate Procedure Act]."

In our opinion, those electors and freeholders of territory of a township, who sign a petition filed with the township trustees pursuant to Section 707.15, Revised Code, for incorporation of that territory as a village, are proper parties to an appeal from an order of the township trustees favorable to them, whether or not they are named as parties and designated as appellees in the notice of appeal from that decision.

The notice of appeal to the Court of Appeals from the Common Pleas Court was filed by "Gerald Webber, as agent for petitioners in the matter of incorporation of certain territory known as Carlisle Ridge Village, and also a citizens committee composed of residents of said Carlisle Township, and also being residents who signed the petition * * *." So far as it relates to the "Citizens Committee," we agree that the appeal should be dismissed. The notice of appeal leaves their identity a mystery and we find nothing in the record to indicate who they are.

The record discloses that Webber is a freeholder and elector of the territory which the petitioners seek to have incorporated, and that he signed the petition. Therefore, in our opinion he was a party to the proceeding before the Common Pleas Court; and, whether or not he participated in that proceeding, he can appeal from the judgment of the Common Pleas Court.

Furthermore, Sections 707.04 and 707.15, Revised Code, provided that the petitioners may designate "a person to act as agent for the petitioners." In our opinion, such agent has general authority to act on behalf of the petitioners to accomplish the purpose sought by their petition, including authority to act for them on appeal from

any decision of the township trustees approving their petition or any court decision reversing such decision of the township trustees. We do not agree with the contention that the specific mandatory duties imposed upon that agent by Section 707.16, Revised Code, require a conclusion that such an agent has no authority to do anything else as agent to accomplish the purpose sought by the petitioners.

Section 2506.03, Revised Code, provides in part:

"The hearing of such appeal shall proceed as in the trial of a civil action * * *."

Section 2307.21, Revised Code, one of the statutes relating to trials in civil actions, reads in part:

"When the question is one of a common or general interest of many persons * * * one or more may sue or defend for the benefit of all."

It seems to us, therefore, that Webber may appeal not only on his own behalf but on behalf of all the petitioners by whom he was designated as agent.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for further proceedings.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.