OPINION
{¶ 1} This is an appeal from the decision of the Franklin County Court of Common Pleas dismissing appellants' administrative appeal for lack of a necessary party.
 {¶ 2} The underlying facts of this appeal are as follows. The Board of Education for Dublin City Schools owns the property on which Dublin Jerome High School is located. The property was rezoned for school use after the Dublin Board of Education acquired the property. Subsequently, a Final Development Plan which maps the specific uses of the land was submitted to and approved by the City of Dublin Planning and Zoning Commission ("zoning commission").
 {¶ 3} On December 1, 2004, the Dublin Board of Education filed an application for an Amended Final Development Plan ("amended plan") with the zoning commission. The amended plan sought approval to build a new varsity baseball stadium, complete with a new field, press box, concession area and batting cages, on the Jerome High School property. The amended plan also called for relocating the existing infield practice field and providing paths to link the different areas.
 {¶ 4} The zoning commission first considered the amended plan at its January 20, 2005 meeting. The issue was tabled to allow further meetings and negotiations with adjacent property owners, such as appellants. On March 2, 2005, the amended plan was presented to the zoning commission again, but it was tabled to allow a noise study and to address various peripheral issues.
 {¶ 5} The zoning commission conclusively addressed the amended plan on April 14, 2005. As was the case at the two previous meetings, an assistant director from the City of Dublin's Office of Land Use and Long Range Planning presented the amended plan and recommended its approval. Counsel for the board of education also spoke at the meeting and advocated adoption of the amended plan. Appellants were given an opportunity to be heard, as were members of the community in favor of the amended plan. The zoning commission approved the plan by a 3-2 vote.
 {¶ 6} On May 13, 2005, appellants filed a notice of appeal from the April 14, 2005 decision with the zoning commission and with the Franklin County Court of Common Pleas pursuant to R.C. Chapter 2506. Appellants named the zoning commission and the Dublin Board of Education as appellees. Appellants also filed a praecipe requesting that the zoning commission prepare and file a complete transcript of the previous agency's actions.
 {¶ 7} On June 23, 2005, the board of education and the zoning commission filed a joint motion to dismiss. Appellees requested that the zoning commission be dismissed from the administrative appeal because it was not a proper party to the dispute. Appellees argued that the zoning commission lacked the authority to represent the city of Dublin and that the city was the proper party to the appeal. Appellees also sought to have the appeal dismissed for lack of proper parties.
 {¶ 8} On June 29, 2005, appellants filed a motion to stay the zoning commission's approval of the amended plan pending appeal. Briefing on the motion to stay was completed on July 20, 2005. The trial court did not rule on appellants' motion to stay, and appellees proceeded with construction under the amended plan.
 {¶ 9} On July 8, 2005, appellants filed a memorandum contra appellees' motion to dismiss. Appellants expressed no objection to dismissing the zoning commission as a named party to the appeal, but objected to an outright dismissal of the appeal. Appellants asserted that having perfected the administrative appeal in compliance with R.C. 2505.04 and2505.05, the appeal could not be dismissed for an alleged failure to name a proper party. Moreover, appellants contended that the Dublin Board of Education — as the property owner whose amended plan appellants opposed — was an adverse party and thus properly named as an appellee. Appellants suggested that the city of Dublin could move to intervene.
 {¶ 10} The court did not issue a decision on appellees' motion to dismiss. Instead, the court approved an agreed entry dismissing the zoning commission as an appellee on July 25, 2005. The entry also ordered that the appeal would remain pending as to the remaining parties.
 {¶ 11} On November 15, 2005, the Dublin Board of Education filed a second motion to dismiss. The board first argued that the appeal should be dismissed as moot because the construction authorized by the amended plan was substantially complete. In the alternative, the board of education moved to dismiss the appeal because the city of Dublin was not a party to the appeal. In its motion, the board stated that representatives of the city were present at the hearing and participated as parties adverse to appellants, but without the city's inclusion in the appeal, appellants could not achieve the relief sought. The board further claimed that appellants had dismissed the city as a party on July 25, 2005, although the previous motion seeking dismissal and the resulting entry referred to the "City of Dublin Planning and Zoning Commission" as the party being dismissed. Notably, that dismissal was initiated by appellees' joint motion to dismiss the zoning commission as an improper party.
 {¶ 12} Appellants filed their memorandum in opposition to dismissal on November 29, 2005. Appellants argued that regardless of substantial completion of any construction, the appeal was not moot because the issue of the actual use of the new athletic fields had not been decided. Appellants submitted that the board acted at its own risk in continuing construction after the motion to stay was filed. The board's December 6, 2005 reply asserted that appellants erroneously dismissed the city even though it was the city's action it opposed. Moreover, despite the motion to stay, substantial completion of construction did render the appeal moot, especially in light of the notion that a motion not ruled upon is deemed overruled.
 {¶ 13} On April 21, 2006, the trial court issued a decision and entry granting the board's motion to dismiss. The court noted that, unquestionably, appellants had properly perfected the appeal by serving its notice of appeal to the original parties. The court concluded that, by naming the zoning commission as a party, appellants sufficiently reached the necessary party: a zoning official or the city of Dublin through the Dublin City Council. However, the trial court went on to hold that by dismissing the zoning commission, appellants had dismissed the only party capable of acting as a conduit to the city. Accordingly, the court dismissed appellants' administrative appeal "for lack of a necessary party." The court did not address appellants' previously filed motion to stay or the question of whether the appeal had become moot.
 {¶ 14} Appellants timely filed a notice of appeal from the trial court's judgment. Appellants present a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT DISMISSED THIS ADMINISTRATIVE-RELATED APPEAL FOR LACK OF A NECESSARY PARTY.
The issue presented by this appeal is whether a properly perfected administrative appeal can be dismissed for failure to name a proper or necessary party without first providing the appellant notice and an opportunity to amend the notice of appeal.
 {¶ 15} Appellants brought this appeal pursuant to R.C. 2506.01, which states in pertinent part:
 Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code* * *.
Where R.C. 2506.01 authorizes an appeal from an administrative decision of a political subdivision, R.C. Chapter 2505 instructs as to the procedure for bringing the actual appeal. "Except to the extent that they may conflict with Chapter 2506 [of the] Revised Code * * * Sections2505.04 and 2505.05 [of the] Revised Code * * * apply to the perfection of an appeal and the form of notice of appeal, pursuant to Chapter 2506." Thomas v. Webber (1968), 15 Ohio St.2d 177, paragraph one of the syllabus.
 {¶ 16} R.C. 2505.04 confers jurisdiction over the appeal to the reviewing tribunal and provides:
 An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.
R.C. 2505.05 sets forth the required contents of the notice of appeal:
 The notice of appeal described in section 2505.04
of the Revised Code shall conform, in the case of an appeal of a final order, judgment, or decree of a court, with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court and shall designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact. In the notice, the party appealing shall be designated the appellant, and the adverse party, the appellee. In the case of an administrative-related appeal, the failure to designate the type of hearing upon appeal is not jurisdictional, and the notice of appeal may be amended with the approval of the appellate court for good cause shown.
 {¶ 17} R.C. 2505.04 is a jurisdictional statute. Richards v. Indus.Comm. (1955), 163 Ohio St. 439, 445. Coupled with R.C. 2505.05, the statutory language clearly indicates that the only act necessary to perfect an administrative appeal brought under R.C. 2506.01 is the filing of a notice of appeal with the pertinent agency, board, commission or other involved instrumentality. "Under R.C. 2505.04, the only jurisdictional requirement is the filing of the notice of appeal."Woods v. Civil Service Comm. (1983), 7 Ohio App.3d 304, 305. There is no dispute that appellants properly perfected their appeal by filing notice with the zoning commission on May 13, 2005. Accordingly, the trial court was vested with jurisdiction to hear the appeal.
 {¶ 18} Regardless, appellees argued for and won a dismissal of the appeal based on a purported defect in the notice of appeal — failure to identify a necessary party. As to the identification of parties, R.C.2505.05 requires only that the party appealing be identified as the appellant while the adverse party is designated the appellee. Appellants identified two appellees: the Dublin Board of Education, as the property owner whose amended plan was approved, and the zoning commission. As a party adverse to appellants, the board of education is a proper party. Yet, appellees assert that naming the board as a proper party is not enough. Instead, appellees contend that the city of Dublin was a necessary party to the appeal and that appellants' failure to include the city in its appeal required dismissal of the appeal. We disagree.
 {¶ 19} Technically, when appealing a decision of the zoning commission, that commission is not a proper party-appellee. Instead, "either the municipality or [a representative of the commission] is a party adverse to the appellant and necessary to the appeal." Gold CoastRealty, Inc. v. Bd. of Zoning App. (1971), 26 Ohio St.2d 37, paragraph one of the syllabus. However, contrary to appellees' contentions and the trial court's conclusion, failure to specifically name the city as an appellee does not invalidate the appeal or the trial court's jurisdiction. An appeal to the court of common pleas from the order of the board of zoning appeals which names the board of zoning appeals as the adverse party instead of the more technically correct zoning inspector or the municipality is regarded as properly perfected and timely filed in the common pleas court. Freedom Twp. Bd. of Zoning App.v. Portage Cty. Bd. of Mental Retardation and DevelopmentalDisabilities (1984), 16 Ohio App.3d 387.
 {¶ 20} This conclusion is a logical extension of the statutory language found in R.C. 2505.04, stating that "no step required to be taken subsequent to the perfection of the appeal is jurisdictional," and in R.C. 2505.05, which calls for freely allowing amendment of a notice of appeal for good cause shown. It further recognizes that the purpose of a notice of appeal is to alert the parties to the proceeding that an appeal is pending. C.J. Mahan Construction Co. v. Jackson Twp. Bd. ofZoning App. (1989), Franklin App. No. 88AP-1062. Once the original parties to the appeal are reasonably informed, the purpose of the notice of appeal is accomplished. Id. Here, the same representatives who advocated the city's interests during the administrative hearings were informed of the pending appeal through their connection to the zoning commission, the board of education or the parties' counsel. Given such notice, the city cannot claim prejudice due to appellants' failure to name it as a party to the appeal.
 {¶ 21} Moreover, the Supreme Court of Ohio has consistently held that once a party is present and participates in the original matter — as the city did — it remains a proper and necessary party in appellate proceedings regardless of whether it is named in the notice of appeal. In Thomas, the Supreme Court of Ohio found that an original petitioner before a township's trustees was a proper and necessary party — entitled to appeal the trial court's reversal of the trustee's decision to the appellate court — regardless of that party's name being absent from the original notice of appeal. The court reasoned:
 The whole purpose of the Thomas appeal from the order of the township trustees was to take from those petitioners that which they had sought by their petition and been given by the township trustees, from whose order Thomas appealed. Thus, each one of those petitioners [who had not been named in the notice of appeal] was not only a necessary party but an "adverse party" to her appeal within the meaning of those words in [R.C. 2505.05[1]].
 Being adverse and necessary parties, they would be parties in the Common Pleas Court appeal, whether or not named by their adversary in [the] notice of appeal. As parties to the proceedings before the township trustees, they could determine from the record in those proceedings whether a notice of appeal had been filed from the order of the trustees within the ten-day time limit specified in [R.C. 2505.07][1], and could take appropriate steps to protect their interests in the appeal proceedings before the Common Pleas Court.
Id. at 181. In Thomas, the petitioners were "proper parties to an appeal from an order of the township trustees favorable to them, whether or not they are named as parties and designated as appellees in the notice of appeal from that decision." Id. at 182.
 {¶ 22} The Supreme Court of Ohio further expounded on its reasoning inGold Coast Realty, supra. There, the court addressed whether an appellant could prevent a city or a city's building director from being parties to the appeal by naming only the board of zoning appeals as an appellee in its notice of appeal. The court, relying in part on the rationale of Thomas, noted that the record demonstrated that both parties were present at and participated in the hearing before the board of zoning appeals as parties adverse to the appellant. Id. at 39. Therefore, the failure to name them as adverse parties in the notice of appeal did not eradicate their status as proper parties.
 Where an adverse and necessary party appears and participates in an appeal from a decision by a municipal commissioner of building to the municipal board of zoning appeals, such party remains adverse and necessary in a further appeal to the Court of Common Pleas under R.C. Chapter 2506, even though not named as such in the appellant's notice of appeal filed therein.
Id., paragraph two of the syllabus. Accordingly, the court concluded that the city and its building commissioner could properly appeal and the trial court should have corrected the docket to allow the appeal.
 {¶ 23} Following this precedent, courts consistently permit municipalities to appear in administrative appeals where they were excluded from an original notice of appeal on the grounds that the municipalities are necessary parties regardless of the omission. InMoore v. City of Cleveland Civil Serv. Comm. (1983), 11 Ohio App.3d 273, a case with a procedural background similar to the instant appeal, the Eighth District Court of Appeals reversed the trial court's dismissal of an administrative appeal for lack of proper or necessary parties. InMoore, the appellant appealed a Cleveland Civil Service Commission order that affirmed his dismissal as a city school bus driver. His notice of appeal named as appellees the city's board of education (which originally terminated his employment) and the Civil Service Commission. The board of education filed a motion to dismiss the appeal, arguing that the reviewing court lacked jurisdiction because appellant had failed to name the school board's business manager as a necessary and proper party. The trial court granted the board of education's motion to dismiss.
 {¶ 24} The Eighth District Court of Appeals reversed, holding that there are no procedural requirements beyond the perfection of the appeal with which an appellant must comply to avoid dismissal. Reviewing the pertinent statutory language and quoting its previous decision inWoods, at 305-306, the court stated:
 Under R.C. 2505.04, the only jurisdictional requirement is the filing of the notice of appeal. R.C. 2505.05 then sets out what information must be designated in the notice of appeal. These, however, are not jurisdictional prerequisites and a failure to comply with them does not defeat an appeal, as the notice of appeal may be amended "for good cause shown." * * *
 Moreover, R.C. 2505.05 has universally been liberally construed so as not to deny an appeal on technical grounds. * * * Thus, if the notice of appeal substantially informs all parties of the order and tribunal * * * from which the appeal is taken and to what court the appeal is taken, so that no parties are prejudiced, then it is sufficient notice for R.C. 2505.05. * * *
Moore, at 275-276. The court further concluded that appellant's notice of appeal fully complied with the requirements of R.C. 2505.04, was timely filed, and the parties properly served. "Pursuant to R.C.2505.04, nothing further was procedurally required of appellant in the perfection of his appeal." Id. at 276. Thus, even assuming that appellant had failed to name a necessary party, the trial court had erred in dismissing the appeal and should have permitted an amendment to the notice of appeal in accord with R.C. 2505.05 if necessary.
 {¶ 25} After examining the relevant statutory language and applying applicable case law to the instant appeal, we find that the trial court erred in dismissing the administrative appeal for lack of a necessary party. Appellants properly perfected the appeal, and any step required thereafter does not affect the trial court's jurisdiction. Furthermore, Ohio courts have unerringly recognized that a municipality is a proper party entitled to participate in subsequent appellate proceedings pursuant to R.C. 2506.01 regardless of whether it was designated as an appellee in the notice of appeal. We can discern no reason why a city — which would have the right to avail itself to this precedent to appeal if the trial court had reversed the zoning commission's decision — should be permitted to have this administrative appeal dismissed because it was not named in the original notice of appeal. Equity demands that appellants be given notice of possible dismissal and be permitted to amend the notice of appeal to name the city as a party-appellee.
 {¶ 26} Based on the foregoing, we sustain appellants' single assignment of error. The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed; cause remanded.
KLATT and DESHLER, JJ., concur.
 DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] R.C. 2505.07 has since been amended and now permits 30 days in which to file the notice of appeal.