{¶ 26} I respectfully dissent.
 {¶ 27} The trial court construed R.C. 119.12 to mean that the Village had no standing to appeal from the Board's order, and I agree. The Village was interested in the proceedings, but it was not a "party" to the proceedings and had no standing to appeal.
 {¶ 28} The court's conclusion as to the Village's standing, however, did not determine whether the notice of appeal was sufficient to invoke jurisdiction in the first instance. Once appellees moved to dismiss the notice of appeal for lack of standing and other defects, counsel for the Village readily acknowledged the error and sought to amend the notice in order to reflect that the correct appellants were the petitioning 121 residents of the Village, not the Village itself. If the court had allowed the amendment, the Village's standing (or lack thereof) would have been irrelevant. The trial court, however, did not reach the merits of the motion to amend. Rather, the court concluded that no amendments to the notice of appeal could occur beyond the original 15-day *Page 10 
filing period provided in R.C. 119.12. Because appellant filed its motion to amend the notice of appeal beyond that 15-day time period, the court found, the motion was untimely.
 {¶ 29} I agree with the majority's observation that R.C. 119.12
contains no provision for amending a notice of appeal after filing with the common pleas court. However, in my view, the absence of such a provision does not necessarily preclude an amendment.
 {¶ 30} In the context of an appeal taken from a final order of an administrative agency to the court of common pleas under R.C. 119.12, this court has observed that, "[w]hile R.C. Chapter 119 contains no provision for the amendment of a notice of appeal," R.C. Chapter 2505 "provide[s] an adequate basis for the common pleas court to grant a motion to amend." Potters Med. Ctr., Inc. v. Ohio Dept. of Ins. (1989),62 Ohio App.3d 476, 481. R.C. Chapter 2505 applies to R.C. Chapter 119 appeals, in some circumstances, via R.C. 2505.03(B), which provides, in pertinent part:
 Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. * * *
See, also, In re Namey (1995), 103 Ohio App.3d 322, 325-326 (explaining relationship among R.C. 119.12, R.C. Chapter 2505, and rules of appellate procedure).
 {¶ 31} R.C. Chapter 2505 contains two provisions that may apply to the question whether an appellant may amend a notice of appeal. First, R.C.2505.04 provides that the only jurisdictional prerequisite to perfecting an appeal is the timely filing of notice. "After being perfected, an appeal shall not be dismissed without notice to the appellant, *Page 11 
and no step required to be taken subsequent to the perfection of the appeal is jurisdictional." R.C. 2505.04. Second, R.C. 2505.05 also provides: "In the case of an administrative-related appeal, the failure to designate the type of hearing upon appeal is not jurisdictional, and the notice of appeal may be amended with the approval of the appellate court for good cause shown."
 {¶ 32} Relying on these provisions, this court, in Potters Med.Ctr., held that "it was within the discretion of the common pleas court to grant [the appellant's] motion to amend on the grounds of `inadvertence' when captioning the parties." Potters at 481. Thus, pursuant to a motion filed five months after its original R.C. 119.12
notice of appeal, the appellant could amend the notice to add a party-appellee.
 {¶ 33} Similarly, in Russell v. City of Dublin Planning ZoningComm., Franklin App. No. 06AP-492, 2007-Ohio-498, this court relied again on R.C. 2505.05 to reverse the trial court's dismissal of a notice of appeal filed under R.C. 2505.06 for failure to name a necessary party. In doing so, this court affirmed the principle that "`R.C.2505.05 has universally been liberally construed so as not to deny an appeal on technical grounds.'" Id. at ¶ 24, quoting Woods v. Civil Serv.Comm. (1983), 7 Ohio App.3d 304, 305-306.
 {¶ 34} To be sure, a trial court may not allow an amendment to a notice of appeal that was not sufficient to invoke the jurisdiction of the court in the first instance. As the majority notes, this court has held that a "notice of appeal may be amended. However, the amended notice must be filed within the time for the filing of the notice of appeal." CHS-Windsor, Inc. v. Ohio Dept. of Job Family Servs., Franklin App. No. 05AP-909, 2006-Ohio-2446, at ¶ 11. We (and the Supreme Court of Ohio) have held so, however, *Page 12 
in cases where the amendment was necessary in order for the notice of appeal to meet the statutory requirements for invoking jurisdiction.
 {¶ 35} For example, in CHS-Windsor, the appellants failed to state a cognizable ground for the appeal in their notice of appeal, a jurisdictional requirement under R.C. 119.12, and this court affirmed the trial court's dismissal of the appeal. Similarly, in AmericanRestaurant Lunch Co. v. Glander (1946), 147 Ohio St. 147, the Supreme Court held that an appellant could not amend a notice of appeal filed timely with the board of tax appeals in order to comply with mandatory General Code filing requirements after the original 30-day appeal period. And, in Deerhake v. Limbach (1989), 47 Ohio St.3d 44, the court relied upon American Restaurant to deny an appellant's attempt to amend his notice of appeal so that it would adhere to Ohio Revised Code filing requirements. Quoting American Restaurant, the court reasoned:
 * * * ["]Any of the other statutory requirements as to the notice would be a nullity if, subsequent to the time prescribed for perfection of the appeal, amendment of the notice, by supplying the statements required by the statute, would be permitted; for that would be equivalent to filing the required notice of appeal after the expiration of the time limit prescribed therefor.["] * * *
Id. at 45, quoting American Restaurant at 151. See, also, City ofCincinnati v. Budget Comm. of Hamilton Cty. (1979), 59 Ohio St.2d 43
(affirming a dismissal where the notice of appeal failed to provide statutorily required information).
 {¶ 36} The question, then, is whether a mistake in the identification of the appellant is a jurisdictional defect under R.C. 119.12 such that it cannot be cured outside the 15-day time frame for filing the original notice of appeal. I conclude that it is not. *Page 13 
 {¶ 37} R.C. 119.12 contains four minimum statutory requirements: the notice must be timely; it must identify the order appealed from; it must state the grounds for the appeal; and it must be properly filed. By comparison, while certainly imperfect, the notice of appeal filed in this case met the minimum filing requirements specified in R.C. 119.12, i.e., it was timely, it identified the order appealed from, it stated the grounds of the appeal, and it was properly filed. Thus, the notice of appeal was sufficient to invoke the subject-matter jurisdiction of the court, and the court could thereafter entertain a motion to amend the notice.
 {¶ 38} Appellees have argued that the notice of appeal did not meet statutory filing requirements because the Village was not a "party," and only a "party" may file a notice of appeal. See R.C. 119.12. I find, however, that the Village's lack of standing does not determine whether the notice of appeal was sufficient to invoke the jurisdiction of the court in the first instance or whether the court could consider a request to reflect the proper parties on the record beyond the 15-day filing time frame. Because the notice of appeal met the minimum statutory filing requirements, the trial court erred in denying appellant's motion to amend as untimely. Accordingly, I would sustain the first assignment of error.
 {¶ 39} Having concluded that the trial court erred in denying appellant's motion as untimely, the question becomes whether the court should have granted the motion to amend the notice of appeal or, in the alternative, to substitute parties, as appellant asserts in the second assignment of error.
 {¶ 40} In considering whether to allow an amendment to a notice of appeal, Ohio courts have engaged in a balancing of interests. InMaritime Mfrs., Inc. v. Hi-Skipper *Page 14 Marina (1982), 70 Ohio St.2d 257, the Ohio Supreme Court examined its prior decisions and concluded that it had "consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of a notice of appeal is challenged solely on technical, procedural grounds." Id. at 258-259. Stated differently, procedures should be liberally construed so that cases are decided on their merits.
 {¶ 41} Courts also have considered, however, whether the recipient(s) of a defective notice of appeal received adequate notice and whether an amendment would prejudice any of the parties. The purpose of a notice of appeal "is to `* * * apprise the opposite party of the taking of an appeal.'" Id. at 259. If this is done "`beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished.'" Id., quoting Couk v. Ocean Accident Guar. Corp.,Ltd. (1941), 138 Ohio St. 110, 116. In other words, a notice of appeal is sufficient if it substantially informs all parties of the appeal.Moore v. Cleveland Civil Serv. Comm. (1983), 11 Ohio App.3d 273. And, where an appellee can show no prejudice from an amendment, a trial court does not abuse its discretion by allowing it. C.J. Mahan Constr. Co. v.Jackson Twp. Bd. of Zoning App. (May 9, 1989), Franklin App. No. 88AP-1062.
 {¶ 42} Adhering to these principles, this court and others have allowed amendments to notices of appeal in a multitude of contexts, including amendments that corrected and/or added parties. See, e.g.,Russell (reversing trial court's dismissal of notice of appeal filed under R.C. 2505.05 that failed to name necessary party); Grand Councilof Ohio v. Owens (1993), 86 Ohio App.3d 215, 218-219 (applying App.R. 3 to deny motion to dismiss all appellants not specifically named in notice of appeal that identified some appellants simply as "et al." and allowing amendment to notice of *Page 15 
appeal); C.J. Mahan Constr. Co. (allowing amendment to reflect proper parties where opposing party had not demonstrated prejudice); Name BrandFurniture Warehouse, Inc. v. Cuyahoga Cty. Bd. of Revision (1987),41 Ohio App.3d 47 (reversing trial court's dismissal of notice of appeal that failed to name real party in interest, even though appellant lacked standing).
 {¶ 43} These principles do not support amendment in every case, however. See, e.g., Pennington v. Fairfield Cty. Bd. of Revision (Dec. 21, 1992), Fairfield App. No. 24-CA-92, 1992 Ohio App. LEXIS 6686 (affirming judgment setting aside board of revision decision where complaint filed with the board named Lancaster Board of Education as the appellant rather than the proper complainant, Lancaster City Schools, and board vote was also improper); Seipelt v. Motorists Mut. Ins.Co. (1992), 81 Ohio App.3d 530 (applying App.R. 3(C) and Torres v.Oakland Scavenger Co. (1988), 487 U.S. 312, to deny motion to amend notice of appeal that identified certain appellants only as "et al." and finding lack of jurisdiction over these appellants).
 {¶ 44} In the absence of a trial court ruling on the merits of appellant's request to amend in this case, however, I would decline to rule on this question. Instead, I would remand this case for the trial court to consider the merits of appellant's motion to amend or, in the alternative, to substitute parties. As reflected in my prior discussion, I would find that the Village's lack of standing is not relevant to the court's consideration of whether the notice may be amended or the record otherwise corrected, and that the notice satisfied the minimum filing requirements under R.C. 119.12.
 {¶ 45} In summary, I would sustain appellant's first assignment of error and decline to consider appellant's second assignment of error. I would remand this case to *Page 16 
the trial court for consideration of appellant's motion to amend the notice of appeal or, in the alternative, to substitute parties, as well as any other proceedings not inconsistent with this opinion or applicable law. Accordingly, I respectfully dissent from the majority opinion. *Page 1